IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jerome Long, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:20-cv-00197-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jerome Long ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this Petition for Writ of Habeas Corpus on January 21, 2020. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petition be dismissed as successive and for lack of jurisdiction. (ECF No. 11). Petitioner was advised of his right to file objections to the Report. *Id*. at 9. However, Petitioner has filed no objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific

written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See United States v. Schronce*, 727 F.2d 91, 92–94 (4th Cir. 1984).

Although Petitioner filed his Petition on a form indicating that he is seeking relief under 28 U.S.C. § 2241, as the magistrate judge pointed out, this Petition is properly construed as one seeking relief under 28 U.S.C. § 2254, because Petition is incarcerated on a state criminal conviction. *See* (ECF No. 11 at 6); *see also In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) (holding that a challenge to a classification affecting a state prisoner's parole eligibility is governed by § 2254). Furthermore, pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an individual may not file a second or successive § 2254 petition for a writ of habeas corpus . . . without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). As the magistrate judge noted in the Report, this is the **fifth** § 2254 petition that Petitioner has filed in this court. (ECF No. 11 at 7). Petitioner's first § 2254 petition was denied on the merits, *Long v. Ozmint*, C/A No. 6:06-449-HFF-WMC, 2006 WL 3832988 (D.S.C. Dec. 28, 2006), *appeal dismissed*, 231 Fed. App'x 258 (4th Cir. 2007); the second, Petitioner voluntarily dismissed, *Long v. Ozmint*, C/A No. 6:08-4142-HFF-WMC (D.S.C.) at Dkt. No. 12; and the third and fourth were both dismissed as successive, *Long v. Cartledge*, C/A No. 6:11-3-TMC, 2011 WL 6122740 (D.S.C. Dec. 9, 2011); *Long v. Ozmint*, 558 F. Supp. 2d 627 (D.S.C. 2008). Thus, this Petition is clearly successive and subject to the AEDPA's limits of successive applications for habeas relief. Moreover, "[a]bsent authorization from the court of appeals, the district court lacks jurisdiction to consider a second or successive § [2254] petition." *Rast v. United States*, Cr. No. 6:02-948-GRA-1, 2015 WL 13762951, at *1

(D.S.C. Aug. 26, 2015) (citing *United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392 (4th Cir. 2015)).

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 11), and incorporates it herein. Accordingly, the court finds that the Petition is successive, and the court does not have jurisdiction to consider it. Thus, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
March 6, 2020